Christopher RADKE, Petitioner–
Appellant

v.

Nathaniel QUARTERMAN, Director,
Texas Department of Criminal Jus-
tice, Correctional Institutions Divi-
sion, Respondent–Appellee.

No. 03–11106
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 2007.

Christopher Radke, Gatesville, TX, pro
se.

S. Michael Bozarth, Assistant Attorney
General, Office of the Attorney General for
the State of Texas, Austin, TX, for Re-
spondent–Appellee.

Before WIENER, GARZA, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Petitioner–Appellant Christopher Rad-
ke, Texas prisoner # 806352, appeals the
district court's dismissal of his 28 U.S.C.
§ 2254 application challenging his convic-
tion of murder. The district court dis-
missed the application as time-barred. We
granted a certificate of appealability
(COA) on the issue whether "the limita-
tions period should have been equitably
tolled because Radke did not receive time-
ly notice of the denial of his state habeas
application."

Radke argues on appeal that he is enti-
tled to equitable tolling because (1) he did
not receive notice of the denial of his state
habeas application until 37 days after the
denial, and (2) the district court erred in
not considering his objections concerning
equitable tolling.

As Radke's petition is time-barred irre-
spective of the applicability of the doctrine
of equitable tolling to his case, we need not

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reach the question for which the COA was granted. Radke's conviction became final on February 22, 2000, 90 days after his petition for discretionary review was denied on November 24, 1999. *See* SUP.CT. R. 13. The one-year limitations period thus expired in February 2001, more than five months before Radke filed his state habeas application on August 6, 2001, and more than 20 months before he filed his § 2254 application on November 2, 2002. *See* 28 U.S.C. § 2244(d). As the statute of limitations expired before Radke filed his state habeas application, the issue whether he should receive equitable tolling because of his failure to receive timely notice of the denial of his state habeas application is irrelevant. Accordingly, the district court's judgment is

AFFIRMED.